UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CATHERINE L. TREWYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-CV-218-HAB |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of the Social | ) |
| Security Administration[1], | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Catherine Trewyn's ("Trewyn") appeal of the Social Security Administration's Decision dated May 17, 2018 (the "Decision"). Trewyn filed her Complaint against Commissioner of Social Security (ECF No. 1) on May 17, 2019. Trewyn filed her Brief in Support of Remand (ECF No. 13) on October 18, 2019. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 15) on November 27, 2019. Trewyn filed her reply on December 11, 2019. This matter is now ripe for determination.

**ANALYSIS**

**1.**    *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d

---

[1] Andrew Saul is now the commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

## 2. *The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, 3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

First, the ALJ found that Trewyn meets the insured status requirements of the Social Security Act through December 31, 2020. At step one, the ALJ found that Trewyn had not engaged in substantial gainful activity since November 18, 2015, her alleged onset date. At step two, the ALJ determined that Trewyn had the following severe impairments: osteopenia, history of left shoulder replacement in May 2015, left knee osteoarthritis, coronary artery disease,

hypertension, and obesity. The ALJ further found that Trewyn had the following non-severe impairments: plantar fasciitis, peroneal tenosynovitis, Achilles peritendinitis, hearing loss, hyperlipidemia, GERD/heartburn, and vertigo. The ALJ found that Trewyn's alleged chronic anxiety is not a medically determinable impairment.

At step three, the ALJ found that Trewyn did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (R. 20). At step four, the ALJ found that Trewyn had the residual functional capacity ("RFC") to:

> [p]erform sedentary work as defined in 20 CFR 404.1567(a) except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; occasional overhead reaching with the non-dominant upper extremity; avoid dangerous moving machinery and unprotected heights; can tolerate frequent exposure to extreme heat and cold, humidity, fumes, odors, dusts, gases, and poor ventilation.

At step five, the ALJ determined that Trewyn was unable to perform her past relevant work. However, the ALJ found that, through the date last insured, there were jobs that existed in significant numbers in the national economy that she could have performed. Therefore, the ALJ found that Trewyn was not disabled.

**3.** *Step Two*

Trewyn claims that the ALJ improperly found her plantar fasciitis, peroneal tenosynovitis, and Achilles peritendinitis to be nonsevere impairments, and that the ALJ erred in not considering those impairments in combination with her other impairments. The ALJ based the finding of non-severe impairments on the fact that there was "no evidence contained in the record that the claimant underwent surgery for her impairment or that her impairment was not improved with conservative treatment during the period at issue." (R. 18). Trewyn contends that the ALJ erred in

4

relying on Trewyn's conservative treatment and her failure to undergo surgery in finding that her foot impairments were non-severe. Trewyn also asserts that even if those impairments were non-severe, the ALJ erred in failing to consider them in combination with her other impairments in determining the RFC.

The Court can proceed directly to the RFC analysis, because the step two requirement of severity is "merely a threshold requirement." *Hickman v. Apfel*, 187 F.3d 683, 688 (7th Cir. 1999); *see also Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010). The ALJ identified other impairments that were severe, so the determination about her lower extremity impairments was "of no consequence with respect to the outcome of the case. Because the ALJ recognized numerous other severe impairments, he was obligated to proceed with the evaluation process." *Castile*, 617 F.3d at 927.

Trewyn's plantar fasciitis, peroneal tenosynovitis, and Achilles peritendinitis are all lower extremity impairments that impact weight bearing. It is possible that these weight bearing conditions, in combination with Trewyn's osteopenia, left knee osteoarthritis, and obesity may impact her functioning and require additional limitations. The ALJ did not consider how Trewyn's plantar fasciitis, peroneal tenosynovitis, and Achilles peritendinitis may have affected her ability to function in combination with her other impairments.

Although the ALJ's decision contains a lengthy recitation of the medical evidence and other evidence in the record, it does not reflect any consideration of whether Trewyn's lower extremity impairments caused functional limitations that required accommodation within the RFC. The Commissioner has offered no argument to counter Trewyn's allegations, other than to argue that the ALJ properly found that these impairments were not severe at step two. The Commissioner's response wholly fails to acknowledge that an ALJ must "consider the limitations

5

imposed by all impairments, severe and non-severe." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019); 20 C.F.R. § 404.1523. The duty to analyze non-severe impairments in formulating a claimant's RFC to be used at steps four and five is fundamental to the disability programs under the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 150-51, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (emphasizing the duty of the Commissioner, when there is at least one severe impairment, to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity") (quoting 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(F) (1982 ed. and Supp. III)).

"A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (citing *Golembiewski v. Barnhart*, 332 F.3d 912, 918 (7th Cir. 2003)). It does not matter that the ALJ found Trewyn's plantar fasciitis, peroneal tenosynovitis, and Achilles peritendinitis to be non-severe in isolation. *Golembiewski*, 322 F.3d at 918) (noting that ALJs must consider the aggregate effect of impairments). All of Trewyn's lower extremity impairments would impact weight bearing and may alter her ability to climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. Without any discussion by the ALJ, the Court cannot determine that the ALJ properly considered the effects of these impairments on Trewyn's RFC. Remand is required.

Trewyn argues twelve other distinct arguments in her 53 page opening brief. Many of them relate to the RFC and the VE's testimony. Reconsideration of the Trewyn's lower extremity impairments and the aggregate effect of the non-severe and severe impairments in combination may alter the RFC. Because the Court is remanding to the Commissioner for further proceedings, it need not belabor the parties' other arguments. The ALJ will have an opportunity to fully consider the medical evidence on remand.

## CONCLUSION

For the foregoing reasons, the Decision is REMANDED.

SO ORDERED on May 26, 2020.

                                          s/Holly A Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT