UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CATHERINE TREWYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.   1:19-CV-218-HAB |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on a motion for award of attorney fees pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed by the Plaintiff on July 28, 2020. (ECF

No. 19).  Plaintiff seeks an award of $19,202.12. On August 11, 2020, the Commissioner filed a

response to which Plaintiff replied on August 12, 2020.  For the following reasons, the motion will

be granted and the Plaintiff shall receive the full amount of fees sought.

## Discussion

On May 26, 2020, this court entered a judgment in this case vacating the decision of the

Commissioner and remanding the case for a new proceeding before an ALJ.  Because this court

issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for

EAJA purposes. Under the EAJA, the court may award "reasonable attorney's fees," which are set

at the market rate. *See* 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA

bears the burden of establishing the fees requested are reasonable. *See Hensley v. Eckerhart*, 461

U.S. 424, 434 (1983); 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other

expenses shall ... submit to the court an application for fees and other expenses which shows ... the

amount sought, including an itemized statement from any attorney ... stating the actual time

expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. *See Hensley*, 461 U.S. at 433, 436-47.[1]

Plaintiff's attorney is seeking reimbursement for 98 hours of time up to and including the motion for fees and an additional 3.6 hours in preparing a reply brief to the EAJA Petition.[2] The Commissioner does not claim that the Plaintiff fails to meet the requirements of the EAJA above. Rather, the Commissioner argues that Plaintiff's attorney spent too many hours on this case, some of the hours are duplicative or overlapping, and the issues of the case were not complex thereby making the fees unreasonable.  In response, the Plaintiff's attorney asserts that the hours were necessarily incurred because nearly every step of the ALJ's analysis needed to be reviewed, briefing was extensive, and the legal arguments were highly detailed.

When reviewing the reasonableness of a fee request, the Supreme Court has stressed that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original). Indeed, "billing judgment is an important component in fee setting" and counsel for the prevailing party should make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id.*

The Commissioner does not contest the proposed statutory rate of $195.94 based on the applicable Midwest Urban CPI. Rather, the Commissioner claims that Plaintiff's attorney's

---

[1] Additionally, under the EAJA, 28 U.S.C. § 2412, this court must find that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances. The Commissioner concedes that the sole issue before the Court is the reasonableness of the requested fees.

[2] Plaintiff's attorney also lists an additional 8.8 hours for paralegal hours. However, elsewhere in her brief, Plaintiff's counsel indicates that she will forego reimbursement of the paralegal fees. Thus, the Court has not considered the paralegal hours in its analysis.

expenditure of 98 hours, nearly 70 hours of which were expended on an oversized brief, is unreasonable and urges the Court to reduce the total hours recoverable to 60. The gist of the Commissioner's argument is that the facts and issues in Plaintiff's case were not novel or unusually complex so as to warrant the expenditure of nearly 100 hours of attorney time. The Commissioner also points to the record in this case asserting that it was not unusually large, a mere 587 pages long, which the Commissioner believes would not take much time to review since the medical evidence began on page 236. The Commissioner acknowledges that counsel filed an oversized brief consisting of 53 pages (including authorities and table of contents) and containing four issues and that the Plaintiff's brief "contained many subparts," (ECF No. 22 at 3), but asserts that because the legal issues were not novel, the oversized brief was unnecessary. Finally, the Commissioner acknowledges that the arguments counsel presented "were fact-intensive and specific to Plaintiff's individual case" but argues that the issues themselves were not "new or challenging to attorneys with experience in Social Security disability law." (*Id.*).

Notably, and as Plaintiff points out, the Court may not mechanically reduce the number of hours "absent a clear indication of why this is necessary" *see Mangual v. Berryhill,* No. 2:16-CV-417-TLS, 2018 WL 1616889, at *3 (N.D. Ind. Apr. 3, 2018), nor should it arbitrarily reduce fees by "one-half, one-third, one-quarter, one-fifth, or some other fraction/percentage," *Evans v. Astrue*, No. 3:07-CV-290, 2008 WL 5235993, at *7 (N.D. Ind. Dec. 12, 2018), or even "on the basis of a generic comparison of time spent on difference cases." *Delgado v. Astrue,* No. 11-CV-2849, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012). Thus, Plaintiff argues that the arbitrary reduction in fees to 60 hours advocated by the Commissioner lacks legal or factual support. The Commissioner, however, urges that cases in the Seventh Circuit typically involve 40-60 attorney

hours and the amount expended here widely exceeds that general range. Thus, because Plaintiff

has not shown why her case is unusual "she should be held to the 60-hour standard here." (ECF

No. 22 at 5).

In essence, the Commissioner advocates that the Court apply a 60-hour ceiling for fees in

social security cases. Courts within the Seventh Circuit have, while acknowledging that the typical

range for cases is 40 to 60 hours, routinely refused to blindly apply such a ceiling, noting "this is

not to suggest that an award is sustainable merely because the total amount requested is within the

range of applications that have been sustained in other cases…" *Schulten v. Astrue*, No. 08 C 1181,

2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010); *see also Staley v. Berryhill*, No. 4-15-CV-

00178-TAB-RLY, 2017 WL 2181151, at *1 (S.D. Ind. May 18, 2017)("A 60-hour ceiling does

not exist…"). The Court is not inclined to arbitrarily place all cases that come before it within a

"presumptive range" for fees.

Moreover, a review of the record, demonstrates that the Commissioner's arguments cannot

prevail, especially as it relates to complaints about the size of the opening brief or its contents.

The Plaintiff's attorney requested leave to file an oversized brief. The Commissioner, while now

contending that such a brief was unnecessary, failed to oppose that request at the time. *See*

*generally Hermann v. Berryhill*, No. 1:17-CV-56, 2017 WL 6523931, at *13 (N.D.Ind. Dec. 20,

2017) ("the Commissioner's silence constitutes waiver of the issue.").

Even more important to this discussion, however, is the brief itself. The 53-page brief was

well-crafted, cited extensively to authorities, outlined in painstaking detail the facts supporting the

Plaintiff's arguments and engaged in an erudite discussion of the errors contained in the ALJ's

decision. While the Commissioner believes the brief was overkill and could have been

accomplished in less attorney time given the attorney's expertise in the area, this was not for him to determine.  This Court has repeatedly articulated that the Court is "'loathe to second-guess the reasonableness of time expended by counsel preparing briefs in social security cases' since the claimants 'have no other method by which to present their case to the court and must attack every potentially reversible aspect of the [C]ommissioner's decision in a single brief.'" *Garcia v. Colvin*, No. 1:11-CV-00165, 2013 WL 1343662, at \*4 (N.D. Ind. Apr. 3, 2013) (quoting *Groskreutz v. Barnhart,* No. 02–C–454–C, 2005 WL 567814, at \*2 (W.D. Wis. Feb. 28, 2005).

This court cannot fault counsel for raising all potentially reversible issues on her client's behalf, even when it required oversized briefing. *See Hargrove v. Berryhill*, No. 1-16-CV-01922-TWP-MJD, 2018 WL 828458, at \*2 (S.D. Ind. Feb. 12, 2018) ("Hargrove raised nearly double the number of issues in his brief compared to other plaintiffs in similar cases. While the Court disposed of the case on only one issue, it was prudent for Hargrove to have made reasonable argument on all grounds."). Plaintiff's brief identified at least four errors in the ALJ's assessment (and more than twelve sub-issues), addressed each of these categories, found and pointed to the evidence in the record and "dissect[ed] the logic of the ALJ's conclusion and, in some instances, demonstrate[d] how the ALJ failed to comply with required Social Security regulations and rulings and caselaw." *Garcia*, 2013 WL 134662 at \*3. Where, as here, the brief is exhaustive and crafted in such a manner as to assist and persuade the Court in its review of the ALJ's decision, the time expended is not so patently unreasonable as to warrant a reduction.[3] *See Hargrove*, 2018 WL

---

[3] Nor does the Court find the Commissioner's arguments that the multiple attorneys working on the brief engaged in overlapping and duplicate work. While the entries in the attorney time logs are rather general, the Court does not find them *per se* unreasonable given the exceptional quality of the briefing identified above.

828458 at *2 (finding 107.4 hours reasonable in light of the oversized brief and long record); *Buis v. Colvin*, No. 1:13-CV-00878-RLY, 2015 WL 6393937, at *9 (S.D. Ind. Oct. 22, 2015) (finding 105.5 hours reasonable).

The Court is equally unconvinced by the Commissioner's assertions that the record is "not small, but also not unusually large," or that because the issues were neither novel nor complex a reduction in the hours expended was warranted. Assuming as the Commissioner argues that Trewyn's appeal may have covered some familiar territory, that does not mean that the repeated and more common arguments did not require a close analysis of the record and a detailed presentation to the court. Indeed, "most social security cases do not present particularly complex legal issues, but that does not mean that 'providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome' does not take time." *Martinez v. Astrue*, No. 2:10-CV-370-PRC, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012). Further while the size of the record can certainly (and often does) correlate to attorney time spent it is not and should not be a litmus test for the reasonableness of the fees sought by counsel. Accordingly, this Court finds that Plaintiff has sufficiently demonstrated that the amount spent in this case was reasonable.[4]

In her reply, the Plaintiff also makes a supplemental fee request in the amount of 3.6 hours for the drafting of the 16-page reply brief. Given the number of challenges to the fee petition raised

---

[4] This is not to say that in every case where an oversized brief is filed and the Plaintiff prevails, the Court will deem the fees reasonable. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley,* 461 U.S. at 437.

by the Commissioner and the Plaintiff's success with this Motion, the Court finds that this is a

reasonable request, and will use the hourly rate calculated by the Commissioner of $195.94 for

this additional time. Accordingly, the Court will award a total of 101.6 hours of attorney time, up

through and including the filing of the instant Motion. *See Commissioner, I.N .S. v. Jean,* 496 U.S.

154, 162 (1990) (allowing attorney fees for time spent preparing the EAJA request for fees).

**Assignment of EAJA Fees**

Finally, the Commissioner argues that any fees should be awarded to Plaintiff, not her

counsel, despite Plaintiff's specific assignment of EAJA fees to her counsel. Plaintiff objects

noting that on July 27, 2020, Plaintiff's attorney contacted the Treasury Offset Program and was

informed that Plaintiff does not owe any debt subject to offset. Thus, Plaintiff requests that the fee

award be payable directly to Plaintiff's attorney. The Commissioner responds by noting that

whether the Plaintiff owes any debt is subject to continuous updating through the date of the award

and it is premature at this point to order payment directly to counsel.

The Court agrees with the Commissioner that the statutory text awards fees to prevailing

parties, not their attorneys, and that the awards are subject to offsets for parties' debts to the

government. 28 U.S.C. § 2412(d) (1)(A) and (d)(2)(H); *Astrue v. Ratliff,* 560 U.S. at 591–98. A

government agency may pay an award directly to a prevailing party's attorney under the EAJA

only after the government determines that there are no pre-existing debts to offset and that there is

a valid assignment to the attorney. *Ratliff, supra.* The Department of the Treasury, not the

Commissioner, determines whether a payment from the government is subject to offset, and it does

so at the time a payment or award is allowed. In addition, the Anti-assignment Act, 31 U.S.C. §

3727(b), provides that an assignment of any payment owed by the federal government may be

made "only after a claim is allowed [and] the amount of the claim is decided." Therefore, any award of EAJA fees in this case will be awarded to Plaintiff, not her counsel. The Commissioner will then undertake the regular process of determining whether, at that time, Plaintiff has any debts owed to the federal government that must be offset against the award of fees. The Commissioner shall then determine whether to pay any remaining award to Plaintiff's counsel, according to the purported assignment.

### Conclusion

On the basis of the foregoing, Plaintiff's motion for EAJA fees (ECF No. 19) and is hereby GRANTED, and Plaintiff is hereby AWARDED $19,907.50 in EAJA fees.

SO ORDERED on December 10, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT